1

**GREENBERG TRAURIG, LLP**
Brent Sokol (SBN 167537)

2
sokolb@gtlaw.com
Ryan C. Bykerk (SBN 274534)

3
bykerkr@gtlaw.com
Caroline Korpiel (SBN 336147)

4
Korpielc@gtlaw.com
1840 Century Park East, Suite 1900

5
Los Angeles, CA  90067
Telephone:  (310) 586-7700

6
Facsimile:  (310) 586-7800

7
Attorneys for Plaintiff
MOUNTAIN MIKE'S PIZZA, LLC

8

9
### UNITED STATES DISTRICT COURT

10
### EASTERN DISTRICT OF CALIFORNIA

11

| | |
|---|---|
| MOUNTAIN MIKE'S PIZZA, LLC, | Case No: |
| Plaintiff, | |
| v. | **COMPLAINT FOR:** |
| SV ADVENTURES, INC., California corporation; SALVATORE VISCUSO, an individual; SANDRA VISCUSO, an individual and DC MANAGEMENT, LLC, a California Limited Liability Company. | 1. **Preliminary Injunction;**<br>2. **Federal Trademark Infringement Under the Lanham Act**<br>3. **False Designation of Origin and Unfair Competition Under the Lanham Act**<br>4. **Federal Trademark Dilution Under the Lanham Act**<br>5. **California Statutory Unfair Competition Under Business & Professions Code**<br>6. **California Trademark Dilution Under Business & Professions Code**<br>7. **Common Law Trademark Infringement**<br>8. **Common Law Unfair Competition**<br>9. **Declaratory Judgment**<br>10. **Breach of Contract, Specific Performance**<br>11. **Breach of Contract, Damages**<br>12. **Breach of Warranty**<br>13. **Tortious Interference with Contracts** |
| Defendants. | |

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Plaintiff MOUNTAIN MIKE'S PIZZA, LLC brings this Complaint for Injunctive Relief against Defendants SV ADVENTURES, INC., SALVATORE VISCUSO, SANDI VISCUSO (collectively, "Viscuso Defendants"), and DC MANAGEMENT, LLC, and states:

## NATURE OF THE ACTION

1.      Mountain Mike's Pizza ("MMP") is a leading franchisor of quality pizza restaurants. Among its many well-established and valuable trademarks, MMP promotes and licenses to its franchisees the Mountain Mike's® Pizza brand and distinctive Mountain Mike's trade dress. Through continuous operation and promotion in their marks, MMP's franchised pizza restaurants and brands are known for exacting standards, high quality products and services and consistency and dependability. MMP ensures its brands, products and services and their associated good will are preserved in each market through MMP's franchise agreements with its franchisees.

2.      MMP's franchise agreement with the Viscuso Defendants ("Franchise Agreement") for the El Dorado Mountain Mike's® Pizza location expires on January 2, 2022. Yet, in an effort to misappropriate and transfer the goodwill for the Mountain Mike's® Pizza brand in the area, the Viscuso Defendants have started a competing business and brand—Viscuso's Pizza & Draft House—operating out of the Mountain Mike's® location. They have done this by selling products under the Viscuso brand in an app-based food service out of the Mountain Mike's® location.

3.      In addition, the Viscuso Defendants have begun advertising that Viscuso's Pizza & Draft House is coming in January 2022 and stated that they will not permit continued operation of the Mountain Mike's® at the location. This violates provisions of the Franchise Agreement, including the requirement that the Viscuso Defendants to allow MMP to assume management of the restaurant when the Franchise Agreement expires. This and other provisions of the Franchise Agreement are designed to maintain goodwill for the Mountain Mike's® brands in the market and ensure continuous goods and services while MMP determines whether it wishes to purchase the restaurant and operate it for itself and, if so, closes the transaction.

4.      Yet rather than agree to maintain the status quo by permitting MMP to operate a Mountain Mike's® restaurant under the Agreement, the Viscuso Defendants have taken steps to convert the restaurant to the Viscuso's Pizza & Draft House on January 2, 2022, thus threatening

1   to destroy the Mountain Mike's® goodwill and disrupt Mountain Mike's® brand services at the

2   location.

3       5.      Based on Viscuso Defendants' improper acts, MMP brings this action for

4   preliminary injunction, trademark infringement, false designation of origin, trademark dilution,

5   unfair competition under Section 43(a) of the Lanham Act; unfair and deceptive trade practices,

6   and trademark dilution in violation of California statutory law; trademark infringement and unfair

7   competition under California law; contract claims for declaratory judgment, breach of contract and

8   specific performance, breach of warranty; tortious interference with contracts; and temporary and

9   preliminary specific performance of Franchise Agreement covenants designed to preserve

10  goodwill in the Mountain Mike's® brands.

11      6.      MMP also brings this action against Defendant DC Management for preliminary

12  injunction, trademark infringement, false designation of origin, trademark dilution, unfair

13  competition under Section 43(a) of the Lanham Act; unfair and deceptive trade practices, and

14  trademark dilution in violation of California statutory law; trademark infringement and unfair

15  competition under California law, and tortious interference with contract, based on its entering

16  into a lease with the Viscuso Defendants and its intention to continue doing business with them

17  after the expiration of the Franchise Agreement.

18      7.      As a result of Defendants' unlawful conduct, MMP has suffered and, unless

19  Defendant is enjoined, will continue to suffer irreparable injury. MMP therefore seeks injunctive

20  relief, compensatory damages and other relief.

21                              **THE PARTIES**

22      8.      Plaintiff MMP is a Delaware limited liability company with its principal business

23  address located at 26 Corporate Plaza, Suite 180, Newport Beach, California 92660.

24      9.      MMP's predecessor is Concept Acquisitions, LLC ("COAC"). On April 4, 2017,

25  MMP acquired substantially all of COAC's assets.

26      10.     On information and belief, Defendant SV Adventures, Inc. ("SV Adventures") is a

27  corporation organized under the laws of the State of California and is and was, at all relevant

28  times, doing business in Placer County.

11.     On information and belief, Defendants Salvatore Viscuso and Sandra Viscuso are and were, at all relevant times, residents of Auburn, California, each with a financial interest in SV Adventures.

12.     On information and belief, Defendant DC Management, LLC is a citizen of the State of California.

## JURISDICTION AND VENUE

13.     This Court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) and (b) and 15 U.S.C. § 1121(a).

14.     This Court has supplemental jurisdiction over the common law claims pursuant to 28 U.S.C. § 1367(a). These claims are so related to the other claims in this case over which this Court has original jurisdiction that they form a part of the same case or controversy under Article III of the United States Constitution.

15.     Venue is proper in this Court under 19 U.S.C. §§ 1391(b) and (c). In particular, the Viscuso Defendants and DC Management, LLC are citizens of the State of California and a substantial part of the events giving rise to the claims in this case occurred in this district.

16.     The Franchise Agreement (as defined below and attached hereto as **Exhibit 1**) requires arbitration of all claims arising out of or related to the parties' relationship, "except for controversies, disputes or claims related to or based on [the Viscuso Defendants'] use of the Mountain Mike's® Marks (defined below) after the expiration or termination of this agreement."

17.     It also requires arbitration of all claims arising out of or related to the parties' relationship but permits the parties "to seek temporary restraining orders and temporary or preliminary injunctive relief from a court of competent jurisdiction; provided, however, that we and you must contemporaneously submit our dispute for arbitration on the merits as provided in this Section." MMP has simultaneously filed a Demand for Arbitration with the American Arbitration Association seeking substantive relief with respect to the Viscuso Defendants' conduct relating to the Franchise Agreement.

## GENERAL ALLEGATIONS

18.     MMP is a franchisor of Mountain Mike's® Pizza Restaurants that feature pizza but also sell other food products.

19.     MMP operates using the following marks (collectively referred to herein as the "MOUNTAIN MIKE'S® Marks"):

a.     U.S. Reg. No. 1,716,963 (incontestable) for the mark MOUNTAIN MIKE'S for "restaurant services," in International Class 42 with a registration date of September 15, 1992.

b.     U.S. Reg. No. 1,716,962 (incontestable) for MOUNTAIN MIKE'S (& Design) mark below for "restaurant services," in International Class 42 with a registration date of September 15, 1992. These registrations (Nos. 1,716,963 and 1,716,962) have been renewed twice, most recently in 2012. A true and correct copy of these registration are attached hereto as **Exhibits 2** and **3**;



c.     U.S. Reg. No. 2,004,536 (incontestable) for the MOUNTAIN MIKE'S (& Design) for "restaurant services," in International Class 42 with a registration date of October 1, 1996. MMP (and/or its predecessor, COAC) has/have renewed this Mark twice, most recently in 2016. A true and correct copy of these registrations are attached hereto as **Exhibit 4.**



d.     U.S. Reg. No. 3,467,126 (incontestable) for the MOUNTAIN MIKE'S mark (& Design) for "restaurant services," in International Class 43 with a

1  registration date of July 15, 2008. A true and correct copy of these registrations are

2  attached hereto as **Exhibit 5**.



7       e.       U.S. Reg. No. 2,174,312 (incontestable) for the PIZZA THE WAY IT

8  OUGHTA BE® mark for "restaurant," in International Class 42 with a registration

9  date of July 21, 2008. This registration was renewed on January 16, 2009. A true and

10 correct copy of these registrations are attached hereto as **Exhibit 6**.

11      f.       U.S. Reg. No. 4,703,140 (incontestable) for the Design mark below

12 for "restaurant services," in International Class 43 with a registration date of March

13 17, 2015. A true and correct copy of this registration is attached hereto as **Exhibit 7**.



19      g.       Ser. No. 88/911,537 for MOUNTAIN MIKE'S PIZZA (& Design)

20 mark below for "Restaurant franchising, namely, offering business management

21 assistance in the establishment and/or operation of restaurants; On-line ordering

22 services in the field of restaurant take-out and delivery," in International Class 35

23 and "Restaurant services; Restaurant services, including sit-down service of food and

24 take-out restaurant services; Restaurants featuring home delivery; Pizza parlors," in

25 International Class 43 with a filing date of May 12, 2020. A true and correct copy of

26 this registration is attached hereto as **Exhibit 8**.

h.       Ser. No. 90/639,262 for MOUNTAIN REWARDS mark for "pizza parlor services, namely, dine-in, take-out delivery, featuring a diners' rewards program," in International Class 43 with a filing date of April 12, 2021. A true and correct copy of this registration is attached hereto as **Exhibit 9**.

Further, the "Mountain Mike's®" trade dress, which includes the Mountain green color -with the  Mountain red color and the distinctive menu items and descriptions relating to "such as: "Half Dome," "Cliff Hanger," "legendary crispy, curly pepperoni on our classic red sauce," along with MMP's use of "mountain" terms including its unique size convention (small, medium, large and "mountain" size) and naming pizzas after mountains (e.g., "The Everest," "Pikes Peak") (the "Trade Dress").  The Trade Dress is used in connection with the foregoing Marks and products and services at Mountain Mike's® locations. A true and correct color copy of the trade dress colors and distinctive menu items and descriptions in use at the Mountain Mike's® locations is attached hereto as **Exhibit 10**.

20.       Since 1978, MMP and its predecessor have excelled in its competitive marketplace by establishing a distinctive and innovative system (the "System") for the operation of its franchises, which includes all trade secrets, business methods and strategies, confidential business information and all goodwill associated with the Mountain Mike's® Marks.

21.       MMP has spent substantial sums of money, time and effort developing the System in its competitive marketplace. MMP's efforts have benefited both customers and franchisees alike.

**The El Dorado Hills Restaurant**

22.       On January 3, 2007, MMP's predecessor entered into the Franchise Agreement with Khachatur Galstyan and Rita Galstyan, to operate a Mountain Mike's® Pizza restaurant at

2201 Francisco Drive, Suite 110, El Dorado Hills, CA 95762. Attached hereto as **Exhibit 1** is a true and correct copy of the Franchise Agreement.

23.    On April 23, 2008, Khachatur Galstyan and Rita Galstyan assigned the Franchise Agreement to SV Adventures pursuant to an Assignment and Assumption Agreement. Attached hereto as **Exhibit 11** is a true and correct copy of the Assignment and Assumption Agreement.

24.    As a result of this assignment, SV Adventures has assumed all the contractual obligations under the Franchise Agreement, as stated in Section 3 of the Assignment:

> Assignee hereby accepts the assignment from Franchisee, assumes all of Franchisee's obligations, agreements, commitments, duties, and liabilities under the Franchise Agreement, and agrees, and the Assignee's Owners likewise agree, personally to be bound by, and faithfully to perform and observe at all times during and after the term of the Franchise Agreement, all of Franchisee's obligations, agreements, commitments, duties, and liabilities under the Franchise Agreement with the same force and effect as if the Franchise Agreement were originally written with Assignee and Assignee's Owners as the franchisees, including, but not limited to, payment, non-compete, confidentiality, arbitration obligations.

25.    Along with the Assignment and Assumption Agreement, on April 23, 2008, Salvatore and Sandra Viscuso executed a Guaranty and Assumption of Obligations (the "Guaranty") where they "personally and unconditionally" guaranteed that SV Adventures "will punctually pay and perform- each and every undertaking , agreement, covenant set forth in the [Franchise] Agreement"  and agreed to be "personally bound by, and personally liable for the breach of, each and every provision in the [Franchise] Agreement . . .  including (i) monetary obligations, (ii) obligations to take or refrain from taking specific actions and to engage or refrain from engaging in specific activities, including, but not limited to, the non-competition, confidentiality, and transfer requirements, and (iii) the enforcement and other provision in Section 17 and 18 of the [Franchise] Agreement." Attached hereto as **Exhibit 12** is a true and correct copy of the Guaranty.

### The Restaurant Moves to A New Location.

26.    In 2017, Salvatore and Sandra Viscuso moved operations of the Restaurant to a new location at 2222 Francisco Drive, Suite 100, El Dorado Hills, CA 95762 (the "Premises")

under a lease signed on April 6, 2017 between SV Adventures and DC Management, LLC (the "Lease"). Attached hereto as **Exhibit 13** is a true and correct copy of the Lease.

27.     On April 25, 2008, SV Adventures and DC Management, LLC executed the Addendum No. 2 to Standard Multi-Tenant Shopping Center Lease to align with the provisions of the Franchise Agreement (the "Addendum"). This Addendum added a paragraph to Section 12 of the Lease which provides:

> (h)     Lessee shall be allowed to Assign the Lease to another franchisee who will operate with the same Agreed Trade Name (1.11) as a Permitted Transfer so long as Assignee agrees to accept full responsibility and obligations as Lessee under Lease, subject to Landlord's review and approval of full financial disclosure, and the maintenance of the guaranty as set with the lease. Until the full term of the lease has passed the personal guaranty of the Lessee is a monument that can only be removed by the written consent of the Lessor provided that the Assignees financial terms and condition are accepted by the Lessor which acceptance is strictly optional, and may not result in the release of guaranty by the current Tenant. As to options subject to assignment, the same statement holds true. Options will be considered subject to the Lessor accepting the financial statement of the Assignee.

Attached hereto as **Exhibit 14** is a true and correct copy of the Addendum.

**The Upcoming Expiration of the Franchise Agreement and MMP's Rights to Manage and Purchase the Restaurant.**

28.     Pursuant to section 1.D of the Franchise Agreement, MMP granted a franchise to SV Adventures to operate the Restaurant for fifteen (15) years from the date of the Franchise Agreement. As such, the Franchise Agreement is set to expire on January 2, 2022.

29.     The Franchise Agreement allowed MMP and SV Adventures to enter into a successor franchise if they so agreed, but they did not, and SV Adventures did not seek a successor franchise. Instead, the Viscuso Defendants announced on August 3, 2021 that they did not intend to continue as franchisees with MMP, meaning that the Franchise Agreement would expire on January 2, 2022. At least two relevant sections of the Franchise Agreement set forth MMP's rights and obligations upon expiration.

30.     **First**, Section 15.E. of the Franchise Agreement grants MMP the right to purchase the Restaurant, along with the leasehold right to the Premises in which the Restaurant is operated, exercisable by providing notice within sixty days of the expiration, as set forth in pertinent part:

> (1) <u>Exercise of Option</u>. Upon . . . expiration of this Agreement . . ., we have the option, exercisable by giving you written notice within sixty (60) days from the date of termination or expiration, to purchase the Restaurant from you, including the leasehold rights to the Premises . . . We will be entitled to all customary warranties and representations in our asset purchase, including, without limitation, representations and warranties as to ownership and condition of and title to assets; liens and encumbrances on assets; validity of contracts and agreements; and liabilities affecting the assets, contingent or otherwise.

> (2) <u>Leasehold Rights</u>. You agree at our election: (a) to assign your leasehold interest in the Premises to us; or (ii) to enter into a sublease for the remainder of the Lease term on the same terms (including renewal options) as the Lease.

31.     Further, the Franchise Agreement provides that the "purchase price for the Restaurant will be its fair market value, determined in a manner consistent with reasonable depreciation of the Restaurant's Operating Assets and Supplies" and if the parties disagree on the Restaurant's fair market value, its fair market value "will be determined by three (3) independent appraisers, each of whom will conduct an independent appraisal," one being appointed by MMP, one by the franchisee, and one by the other two appraisers.

32.     **Second**, Section 14.C. of the Franchise Agreement gives MMP the right to assume management of the Restaurant while MMP considers whether to exercise its option to purchase the Restaurant:

> We have the right (but not the obligation), under the circumstances described below, to enter the Premises and assume the RESTAURANT's management on your behalf for the period of time we deem appropriate. . . .

> We may assume the management of the RESTAURANT under the following circumstances:

> (1) if you abandon or fail actively to operate the RESTAURANT;

(2) if you fail to comply with any provision of this Agreement or any System Standard and do not cure the failure within the time period we specify in our notice to you; or

(3) if this Agreement expires or is terminated and we are deciding whether to exercise our option to purchase the RESTAURANT under Section 15.E. below.

33.     Pursuant to these provisions, on November 18, 2021, MMP confirmed that the parties would not enter into a successor agreement and informed the Viscuso Defendants that it intended to exercise the option under Section 15.E. of the Franchise Agreement and to acquire the Restaurant as well as the leasehold rights in the Lease signed between SV Adventures and DC Management LLC. On December 20, 2021, MMP provided the Viscuso Defendants notice that it would assume management of the Restaurant when the Franchise Agreement expired.

**The Viscuso Defendants state they will not honor their contractual duties to sell the restaurant or assign their leasehold rights in the Lease to MMP**

34.     The Viscuso Defendants responded to MMP's November 18, 2021 letter on December 9, 2021, refusing to sell the Restaurant to MMP or to assign the leasehold rights in the Lease.

35.     Additionally, MMP is informed and believes and based thereon alleges that the Viscuso Defendants have already negotiated an amendment to the lease for the Premises purporting to allow them to operate in the same location under a different name upon expiration of the Franchise Agreement, and the Viscuso Defendants have been advertising their intent to operate a new restaurant – "Viscusos Pizza & Draft House" – in the location in January 2022, further showing the Viscuso Defendants' intent to refuse to comply with the terms of the Franchise Agreement.

36.     Further still, the Viscuso Defendants have stated an intent to sell Mountain Mike's® signage, and MMP is informed and believes that the Viscuso Defendants may waste and dispose of operating assets, including fixtures, signs, furniture, equipment (including computers, telecopiers, and point of sale systems), furnishings, or related items used in operating a Mountain

ACTIVE 61905522v7

1  Mike's® Pizza brand restaurant, or may damage the Premises to further obstruct MMP's right to

2  purchase the Restaurant and assume the Lease.

3       37.    The Viscuso Defendants' conduct is an anticipatory breach of their contractual duty

4  to sell the Restaurant and assign the Lease to MMP under Section 15.E. In addition, they have

5  anticipatorily breached their contractual duty to allow MMP to assume management of the

6  restaurant when the Franchise Agreement expires under Section 14.C. Indeed, their conduct is

7  calculated to frustrate MMP's rights under the Franchise Agreement and take for themselves the

8  Restaurant and Lease to which MMP has a contractual right in order to cash in on MMP's good

9  will by generating brand confusion between the Viscuso's Pizza & Draft House and MMP.

10                 **The Viscuso Defendants' Unauthorized Use of MMP's Marks**

11       38.    To protect MMP's significant investments in its brand and trademarks, Section

12  5(A) of the Franchise Agreement strictly limits the Viscuso Defendants' use of the Mountain

13  Mike's® Marks (defined below): "Your right to use the Marks is derived solely from this

14  Agreement and limited to your operation of the RESTAURANT pursuant to and in compliance

15  with this Agreement…."  Section 5(B) contains specific covenants which Defendants' have

16  breached and violated federal trademark and unfair competition law in the process: First, "You

17  agree to use the Marks as the sole identification of your RESTAURANT." Second, "You may not

18  use any Mark…in selling any unauthorized services or products…or in any other manner we have

19  not expressly authorized in writing."

20       39.    Prior to expiration or termination of the Franchise Agreement, and with the goal of

21  transferring good will in the Mountain Mike's® Marks from MMP to themselves, the Viscuso

22  Defendants began advertising and providing products and services for a second business—

23  Viscuso's Pizza & Draft House—out of the Premises while still using the Mountain Mike's®

24  Marks.

25       40.    Specifically, the Viscuso Defendants began offering for sale and selling out of the

26  Premises Viscuso's Pizza & Draft House food products on DOORDASH in an attempt to confuse

27  customers into thinking that Viscuso's Pizza & Draft House is in some way connected with,

28  sponsored by or affiliated with the well-established Mountain Mike's® Pizza Restaurants.

41.     On December 16, 2021, MMP's office placed an order with "Viscuso's Pizza & Draft House" on DOORDASH.

42.     Upon placing an order on DOORDASH, the receipt with the Order details communicates to the customer that Viscuso's Pizza & Draft House is located at the Mountain Mike's® Pizza location at the Premises.  A true and correct copy of a screenshot of the DOORDASH receipt with the Order Details is attached as **Exhibit 15**.

43.     To further identify with Mountain Mike's® Pizza Restaurants, the Viscuso Defendants substantially copied the Mountain Mike's® Pizza restaurant menu. Specifically, the "Viscuso's" menu uses "mountain" in numerous places on its menu and copies Mountain Mike's® menu items such as "Half Dome" and "Cliff Hanger" sandwiches.  In at least five places, the "Viscusos" menu refers to "A mountain of our legendary crispy, curly pepperoni on our classic red sauce." A true and correct copy of a screenshot from the DOORDASH website menu for Viscuso's Pizza is attached as **Exhibit 16**. That is a direct quote from Mountain Mike's® own menu, a true and correct copy of a portion of which is attached as **Exhibit 17**. Indeed, the "Viscusos" menu adopts the same pizza size conventions as the Mountain Mike's® Menu, offering small, medium, large, and "mountain" size pizzas. *Compare* Exhibit 16, *with* Exhibit 17.

44.     Consumers can also purchase Mountain Mike's® Pizza through online and smart-phone delivery websites, including but not limited to, DOORDASH.

45.     After the above purchase, the MMP sales system shows that there was no purchase made to MMP in connection with the order. A true and correct copy of a screenshot of the MMP sales system is attached as **Exhibit 18.**

46.     By using the Mountain Mike's® location at the Premises and a copy of the Mountain Mike's® menu to sell products from Viscuso's Pizza & Draft House, the Viscuso Defendants are trying to trade on the large amount of good-will owned and enjoyed by MMP.

47.     Consumers will be misled that Viscuso's Pizza & Draft House is in some way connected with, sponsored by or affiliated with the well-established Mountain Mike's® Pizza Restaurants.

48.     Upon information and belief, the Viscuso Defendants were operating Viscuso's Pizza & Draft House at this location prior to December 16, 2021.

49.     MMP has been damaged, and will continue to be damaged, by the Viscuso Defendants' actions.

## FIRST CLAIM FOR RELIEF

### (Action for Preliminary Injunction, Against All Defendants)

50.     MMP re-avers all prior paragraphs as if fully set forth herein.

51.     At Section 1(D) of the Franchise Agreement, Defendants expressly agreed that they would "at all times faithfully, honestly and diligently perform [their] obligations hereunder, continuously exert [their] best efforts to promote and enhance the RESTAURANT and not engage in any other busines or activity that conflicts with [their] obligations to operate the RESTAURANT in compliance with this Agreement."

52.     MMP has spent significant effort, time and money developing its brand and System, which includes all of MMP's Marks and goodwill, which the Viscuso Defendants had access to and became familiar with during their tenure as franchisees of MMP.

53.     MMP will suffer irreparable injury if preliminary injunctive relief is not afforded by this Court, enjoining and prohibiting the Viscuso Defendants: (a) from using the Mountain Mike's® Marks in violation of the Agreement; and (b) any further or additional breaches of the Franchise Agreements; and enjoining and prohibiting all Defendants: (c) from refusing to allow MMP to assume management of the Restaurant after the Franchise Agreement expires or from refusing to allow MMP to purchase the Restaurant and including, at MMP's election, to assign the leasehold interest in the premises or to enter into a sublease for the reminder of the lease term.

54.     There is no adequate remedy at law to fully protect the interests of MMP (or other franchisees in MMP's System).

55.     MMP is entitled to its attorneys' fees and costs pursuant to Section 17(C) of the Franchise Agreements, which provides that "If we incur expenses to due to your failure . . . to comply with this Agreement, you agree, whether or not we initiate a legal proceeding, to

1  reimburse us for any of the costs and expenses which we incur, including, without limitation,

2  reasonable accounting, attorneys', arbitrators' and related fees."

**<u>SECOND CLAIM FOR RELIEF</u>**

**(Federal Trademark Infringement Under the Lanham Act § 32, 15 U.S.C. § 1114(1), Against**

**All Defendants)**

6     56.    MMP re-avers all prior paragraphs as if fully set forth herein.

7     57.    For many years, and prior to the acts of the Viscuso Defendants complained of

8  herein, MMP has continuously created value and generated goodwill in connection with its brand,

9  the Marks and the System for operating Mountain Mike's® Pizza Restaurants.

10    58.    MMP has consistently and continuously displayed the registration symbol "®" or

11 its equivalent with the registered Mountain Mike's® Marks since those Marks have become

12 registered.

13    59.    The Viscuso Defendants have traded on the value and goodwill of MMP's

14 reputation, Mountain Mike's® Marks, common law trademark rights and Confidential Information

15 through deceptive, unfair and unlawful practices.

16    60.    The Viscuso Defendants' use of the Mountain Mike's® Marks is likely to cause

17 confusion, or to cause mistake, or to deceive consumers and others that the Viscuso Defendants'

18 unauthorized products and services are provided by, sponsored by, or affiliated with MMP.

19    61.    The Viscuso Defendants' use of the Mountain Mike's® Marks in violation of the

20 Agreement is without permission of MMP. In view of the Franchise Agreement, the Viscuso

21 Defendants had knowledge of the Mountain Mike's® Marks and their authorized use. Plaintiff

22 MMP is informed and believes that the Viscuso Defendants willfully and with conscious disregard

23 for the Mountain Mike's® Marks, advertised, offered for sale, sold, and/or distributed competing

24 goods under the Marks.

25    62.    The Viscuso Defendants promotion, distribution, offer for sale, sale, and

26 advertising of competing goods and services under the Mountain Mike's® Marks is likely to cause

27 confusion and/or to cause mistake, and/or to deceive as to apparent affiliation, connection, or

28 association between the Viscuso Defendants and MMP, and is likely to cause members of the

ACTIVE 61905522v1

public to believe, incorrectly, that the Viscuso Defendants' competitive products and services are provided by, or under the sponsorship or approval of, MMP; whereas, in fact, MMP does not approve of the Viscuso Defendants' unauthorized use of the Mountain Mike's® Marks.

63.     On information and belief, Defendant DC Management, LLC controls and monitors the Premises at which some of the foregoing acts have occurred, and is therefore vicariously liable for such acts.

64.     On information and belief, Defendant DC Management, LLC has amended its lease with SV Adventures to require operation of the pizza restaurant at the Premises under another brand and because of that, and other of its acts, are secondarily liable for actively inducing and contributing to the acts complained of herein.

65.     The above-recited acts by the Defendants constitute trademark infringement of MMP's federally registered trademarks in violation of the Lanham Act, 15 U.S.C. § 1114(1), to the substantial and irreparable injury of the public and MMP's business reputation and goodwill.

66.     The Defendants' advertising, offer for sale, sale, and distribution of competitive goods and services under the Mountain Mike's® Marks has inflicted, and unless enjoined will continue to inflict, great and irreparable injury upon the reputation and goodwill of MMP and its Marks, for which injury MMP has no adequate remedy at law. MMP is entitled to preliminary and permanent injunctions enjoining the Defendants from engaging in further acts of infringement.

67.     On information and belief, as a result of their acts, the Defendants have been and will continue to be unjustly enriched by monies that the Defendants have received and will receive in connection with their distribution, advertising, and sale of competitive products and services under the Mountain Mike's® Marks, which infringes the Marks.

68.     On information and belief, as a result of the acts of the Defendants, MMP has suffered and is entitled to monetary damages in an amount not yet determined. Additionally, MMP has incurred and will incur liability for costs and attorneys' fees.

69.     On information and belief, the Defendants' acts were in willful and conscious disregard for MMP's rights to the Mountain Mike's® Marks, common law trademark rights and

the resulting damage to MMP's goodwill and reputation is such as to warrant the trebling of damages in order to provide just compensation.

### THIRD CLAIM FOR RELIEF

**(False Designation of Origin and Unfair Competition Under the Lanham Act, U.S.C.**

**§ 1125(a), Against All Defendants)**

70.     MMP re-avers all prior paragraphs as if fully set forth herein.

71.     MMP is in the business of providing goods and services under MMP's name and Mountain Mike's® Marks.

72.     The Viscuso Defendants are operating a competitive business using names, words, phrases, trade dress and other identifiers that are the same as or confusingly similar to MMP's name and Mountain Mike's® Marks.

73.     The Viscuso Defendants' use in commerce of MMP's name, location and Mountain Mike's® Marks in commerce in connection with a competing business are likely to cause confusion, to cause mistake, or to deceive as to the origin, sponsorship or approval of the goods and services provided by the Viscuso Defendants or MMP. The Viscuso Defendants' use of said name in commercial advertising and/or promotion of its competing services also misrepresents the nature and qualities of MMP's licensed products and services.

74.     By promoting distributing, offering for sale, selling, and/or advertising competitive products using the Mountain Mike's® Marks, the Viscuso Defendants have infringed the Mountain Mike's® Marks, and have infringed MMP's common law trademark rights, in violation of the Lanham Act § 43(a), 15 U.S.C. § 1125(a), as such acts are likely to deceive the public into believe that Defendants' competitive services are from or sponsored by MMP.

75.     If not enjoined by the Court, the Viscuso Defendants will continue to provide competitive goods and services under the Mountain Mike's® Marks in commerce, which products will be attributed to having emanated from MMP. MMP, however, has no control over the nature and quality of the unauthorized goods and services so rendered, and any fault or objection with said products will adversely affect future sales by MMP of its products and services under the Marks.

ACTIVE 61905522v7

-- 17 --

76.     On information and belief, Defendant DC Management, LLC controls and monitors the Premises at which some of the foregoing acts have occurred, and is therefore vicariously liable for such acts.

77.     On information and belief, Defendant DC Management, LLC has amended its lease with SV Adventures to require operation of the pizza restaurant at the Premises under another brand and because of that, and other of its acts, are secondarily liable for actively inducing and contributing to the acts complained of herein.

78.     On information and belief, as a result of their acts, the Defendants have been and will continue to be unjustly enriched by monies that the Defendants have received and will receive in connection with its distribution, sale and advertising of competing products and services under the Mountain Mike's® Marks, or any other mark that is confusingly similar to the Marks.

79.     On information and belief, as a result of the acts of the Defendants, MMP has suffered, and will suffer, and is entitled to monetary damages in an amount not yet determined. Additionally, MMP has incurred and will incur liability for costs and attorneys' fees.

80.     On information and belief, the Defendants' actions were in willful and conscious disregard for MMP's rights in and to the Marks and common law rights associated therewith, and the resulting damage to MMP's goodwill and reputation is such as to warrant the trebling of damages in order to provide just compensation.

81.     As a direct and proximate result of such unfair competition, MMP has suffered, and will continue to, suffer damages and irreparable injury to its business, reputation and goodwill.

**FOURTH CLAIM FOR RELIEF**

**(Federal Trademark Dilution Under the Lanham Act § 43(c), 15 U.S.C. § 1125(c), Against All Defendants)**

82.     MMP re-avers all prior paragraphs as if fully set forth herein.

83.     The Mountain Mike's® Marks are distinctive and famous marks.

84.     In connection with the distribution, offer for sale, sale, and advertising of competitive goods and services under the Mountain Mike's® Marks, the Viscuso Defendants

began using marks in commerce that are likely to cause dilution by blurring and dilution by tarnishment of the Mountain Mike's® Marks after the Marks became famous.

85. By reason of the Viscuso Defendants' acts complained of herein, the Viscuso Defendants have caused and are causing dilution of the distinctiveness of the Mountain Mike's® Marks by lessening the capacity of the famous Marks to identify and distinguish MMP's products and by tarnishing the reputation, goodwill and positive associations of the Marks due to the inferior nature of the Viscuso Defendants' goods and services in violation of 15 U.S.C. § 1125(c).

86. On information and belief, Defendant DC Management, LLC controls and monitors the Premises at which some of the foregoing acts have occurred, and is therefore vicariously liable for such acts.

87. On information and belief, Defendant DC Management, LLC has amended its lease with SV Adventures to require operation of the pizza restaurant at the Premises under another brand and because of that, and other of its acts, are secondarily liable for actively inducing and contributing to the acts complained of herein.

88. On information and belief, the Defendants' continuing acts of dilution have inflicted, and unless restrained by this Court will continue to inflict, great and irreparable harm upon MMP. MMP is therefore entitled to preliminary and permanent injunctive relief.

89. On information and belief, as a result of the willful acts of the Defendants, the Viscuso Defendants have been and will continue to be unjustly enriched by monies that the Viscuso Defendants have received in connection with those acts of dilution.

90. On information and belief, as a result of the willful acts of the Defendants, the Viscuso Defendants have been and will continue to suffer monetary damages in an amount not yet determined. In addition, MMP has incurred and will incur liability for costs and attorneys' fees.

91. On information and belief, the Defendants' willful acts and the resulting damage to MMP's goodwill and reputation is such as to warrant the trebling of damages in order to provide just compensation.

## **FIFTH CLAIM FOR RELIEF**

**(California Statutory Unfair Competition Under Cal. Bus. & Prof. Code § 17200 *et. seq.*, Against All Defendants)**

92.     MMP re-avers all prior paragraphs as if fully set forth herein.

93.     MMP has built valuable goodwill in its Mountain Mike's® Marks. The Viscuso Defendants' advertising, offer for sale, sale, and/or distribution of competitive products and services using the Mountain Mike's® Marks and/or marks that are confusingly similar to the Marks, are likely to and do permit the Viscuso Defendants to trade upon the goodwill of MMP's marks and to confuse the public regarding a false connection or affiliation between MMP and the Viscuso Defendants as to the Viscuso Defendants' competitive goods and services. This conduct results in damage to MMP's goodwill and reputation and the unjust enrichment of the Viscuso Defendants.

94.     By advertising, offering for sale, selling, and/or distributing competitive services under the Mountain Mike's® Marks, or confusingly similar marks, the Viscuso Defendants mislead others and will continue to mislead others into assuming there is a false connection between MMP and the Viscuso Defendants.

95.     The Viscuso Defendants' use, advertising, offer for sale, sale, and/or distribution of competitive services and goods under the Marks, was and is without the consent of MMP, and constitutes unfair competition in violation of Section 17200 *et seq*., of the California Business and Professions Code.

96.     On information and belief, Defendant DC Management, LLC controls and monitors the Premises at which some of the foregoing acts have occurred, and is therefore vicariously liable for such acts.

97.     On information and belief, Defendant DC Management, LLC has amended its lease with SV Adventures to require operation of the pizza restaurant at the Premises under another brand and because of that, and other of its acts, are secondarily liable for actively inducing and contributing to the acts complained of herein.

98.     MMP is informed and believes and thereon alleges that unless restrained by this Court, the Defendants will continue to infringe the Marks, and pecuniary compensation will not

afford MMP adequate relief for the damage to its trademarks in the public perception and loss of goodwill.

99.     As a result of the Defendants' acts complained of herein, the Defendants have been and will continue to be unjustly enriched by monies that the Defendants have received in connection with the advertising, sale, and distribution of competitive products using the Mountain Mike's® Marks.

## SIXTH CLAIM FOR RELIEF

**(California Trademark Dilution Under Cal. Bus. & Prof. Code § 14247, Against All Defendants)**

100.     MMP re-avers all prior paragraphs as if fully set forth herein.

101.     MMP's Mountain Mike's® Marks are distinctive and famous marks. MMP, through the Marks, enjoys a reputation in California for excellence for the products and services it sells.

102.     The Viscuso Defendants began using the Mountain Mike's® Marks in connection with its goods after MMP's Marks became famous.

103.     On information and belief, Defendant DC Management, LLC controls and monitors the Premises at which some of the foregoing acts have occurred, and is therefore vicariously liable for such acts.

104.     On information and belief, Defendant DC Management, LLC has amended its lease with SV Adventures to require operation of the pizza restaurant at the Premises under another brand and because of that, and other of its acts, are secondarily liable for actively inducing and contributing to the acts complained of herein.

105.     On information and belief, the Defendants' distribution, offer for sale, sale, and/or advertising of competitive goods and services under the Marks, has tarnished and otherwise injured the busines reputation of MMP and dilutes and/or is likely to dilute the distinctive value of the Marks in violation of California Business and Professions Code § 14247.

106.     MMP has no adequate remedy at law. Injury to MMP and dilution of the Marks will continue, all to MMP's irreparable harm, unless the Defendants are enjoined by this Court.

ACTIVE 61905522v1

## SEVENTH CLAIM FOR RELIEF

### (Common Law Trademark Infringement, Against All Defendants)

107.    MMP re-avers all prior paragraphs as if fully set forth herein.

108.    By reason of MMP's continuous use and promotion of the Marks, as well as the distinctiveness of those Marks, consumers associate and recognize the Marks as representing a single, even if anonymous, source or sponsor of goods, and therefore, the Marks are protectable trademarks at common law.

109.    MMP owns and enjoys common law trademark rights in the Marks, which rights are superior to any rights that the Viscuso Defendants may claim with respect to them. MMP's Marks are distinctive and possess secondary meaning with the trade and consuming public and are distinctive in the minds of purchasers in that the Marks are associated with MMP.

110.    The Viscuso Defendants' use of the Marks in connection with the advertising, offer for sale, sale, and distribution of their products is likely to cause confusion and, upon information and belief, has caused confusion as to the source, sponsorship, or approval of the such goods in that recipients thereof and others who see the Viscuso Defendants' products will be likely to associate such products (mistakenly) as originating with MMP, or as being distributed with the sponsorship of MMP, all to the detriment of MMP.

111.    On information and belief, Defendant DC Management, LLC controls and monitors the Premises at which some of the foregoing acts have occurred, and is therefore vicariously liable for such acts.

112.    On information and belief, Defendant DC Management, LLC has amended its lease with SV Adventures to require operation of the pizza restaurant at the Premises under another brand and because of that, and other of its acts, are secondarily liable for actively inducing and contributing to the acts complained of herein.

113.    On information and belief, by reason of the Defendants' actions alleged herein, MMP has suffered, and will continue to suffer, irreparable injury to its rights and suffer substantial loss of goodwill and in the value of its Marks unless and until the Defendants are enjoined from continuing their wrongful acts.

114.　On information and belief, by reason of the Defendants' actions alleged herein, MMP has been damaged in an amount not presently ascertained, and such damage will continue and increase unless and until the Defendants are enjoined from continuing their wrongful acts.

115.　Upon information and belief, the Defendants' conduct in this cause of action is willful, wanton, malicious, oppressive, and in conscious disregard of MMP's rights in its Marks, justifying the imposition of punitive and exemplary damages under California Civil Code § 3294.

**EIGHTH CLAIM FOR RELIEF**

**(Common Law Unfair Competition, Against All Defendants)**

116.　MMP re-avers all prior paragraphs as if fully set forth herein.

117.　The Viscuso Defendants' actions in connection with their products and services are likely to cause confusion, misrepresentation, and/or to cause mistake or to deceive the public as to the affiliation, approval, sponsorship or connection between the Viscuso Defendants and MMP and constitute unfair competition at common law.

118.　On information and belief, Defendant DC Management, LLC owns controls and monitors the Premises at which some of the foregoing acts have occurred, and is therefore vicariously liable for such acts.

119.　On information and belief, Defendant DC Management, LLC has amended its lease with SV Adventures to require operation of the pizza restaurant at the Premises under another brand and because of that, and other of its acts, are secondarily liable for actively inducing and contributing to the acts complained of herein.

120.　On information and belief, as a result of the Defendants' acts of unfair competition, MMP has suffered and will continue to suffer damages, and the Defendants have been unjustly enriched.

121.　On information and belief, by reason of the Defendants' actions in connection with their products, MMP has suffered, and will continue to suffer, irreparable harm for which MMP has no adequate remedy at law unless and until the Defendants are enjoined from continuing their wrongful acts.

122.    Upon information and belief, the Defendants' conduct in this cause of action is willful, wanton, malicious, oppressive, and in conscious disregard of MMP's rights, justifying the imposition of punitive and exemplary damages under California Civil Code § 3294.

### NINTH CLAIM FOR RELIEF

**(Declaratory Judgment, Against SV Adventures)**

123.    MMP re-avers all prior paragraphs as if fully set forth herein.

124.    An actual controversy has arisen and now exists between MMP and SV Adventures concerning SV Adventures' obligations upon expiration of the Franchise Agreement. MMP contends that:

a)    Pursuant to Section 14.C. of the Franchise Agreement, upon expiration of the agreement, MMP has the right to assume management of the Restaurant while it considers its purchase rights;

b)    Pursuant to Section 15.E. of the Franchise Agreement, MMP has the right to purchase the Restaurant. If MMP exercises its purchase option, MMP is entitled to receive from SV Adventures the rights to the Restaurant at fair market value as well as, upon election by MMP, the leasehold interest in the Premises; and

c)    MMP is entitled to receive in its asset purchase all customary warranties and representations including, without limitation, representations and warranties as to ownership and condition of and title to assets; liens and encumbrances on assets; validity of contracts and agreements; and liabilities affecting the assets, contingent or otherwise.

125.    SV Adventures disputes the rights and obligations as set forth in Paragraph 103, as stated in its December 9, 2021 letter to MMP.

126.    MMP is entitled to a declaration of rights from this Court that:

a)    Pursuant to Section 14.C. of the Franchise Agreement, upon expiration of the Agreement, MMP has the right to assume management of the Restaurant while it considers its purchase rights;

b)    Pursuant to Section 15.E. of the Franchise Agreement, MMP has the right to purchase the Restaurant. If MMP exercises its purchase option, MMP is entitled to receive from

1   SV Adventures the rights to the Restaurant and its operating assets at fair market value as well as,

2   at MMP's  election , the leasehold interest in the Premises or to enter into a sublease for the

3   remainder of the Lease term; and

4               c)      MMP is entitled to receive in its asset purchase all customary warranties

5   and representations including, without limitation, representations and warranties as to ownership

6   and condition of and title to assets; liens and encumbrances on assets; validity of contracts and

7   agreements; and liabilities affecting the assets, contingent or otherwise.

8                              **TENTH CLAIM FOR RELIEF**

9              **(Breach of Contract, Specific Performance, Against SV Adventures)**

10      127.    MMP re-avers all prior paragraphs as if fully set forth herein.

11      128.    The Franchise Agreement, together with all of their related and incorporated

12   documents and amendments, constitute a valid and binding contract between MMP and SV

13   Adventures.

14      129.    Section 14.C. of the Franchise Agreement provides that, upon expiration of the

15   Franchise Agreement, MMP has the right to assume management of the Restaurant while it

16   considers its purchase rights. Section 15.E. further provides that MMP has the right to purchase

17   the Restaurant including its Operating Assets. If MMP exercises its purchase option, MMP is

18   entitled to receive from SV Adventures the rights to the Restaurant, including its Operating Assets

19   at fair market value as well as, at MMP's election, the leasehold interest in the Premises or a

20   sublease for the remainder of the Lease term.

21      130.    SV Adventures has anticipatorily breached Section 14.C. and 15.E. of the Franchise

22   Agreement. Specifically, SV Adventures has stated that it intends to refuse to sell its rights to the

23   Restaurant to MMP or assign or otherwise transfer the Lease to MMP. It has also stated that it

24   intends to operate a competing restaurant at the Premises—Viscuso's Pizza & Draft House—

25   beginning January 2022. And it has informed MMP that it has negotiated an amendment to the

26   lease for the Premises purporting to allow them to operate in the same location under a different

27   name when the Franchise Agreement expires.

28

131.   MMP has fully and fairly performed all of the conditions precedent to SV Adventures' obligation to allow MMP to assume management and to sell its rights to the Restaurant and assign the leasehold interest in the Premises.

132.   As a result of SV Adventures' repudiation and anticipatory breach and refusal to allow MMP to assume management of the Restaurant, and its refusal to sell its rights to the Restaurant, including its Operating Assets, and assign or sublease the leasehold interest in the Premises as required by the parties' contract, MMP is at risk of losing the Restaurant and the unique real property to operate it, and MMP is entitled to specific performance of SV Adventures' obligation to sell its rights to the Restaurant, including its Operating Assets, and, at MMP's election, assign or sublease the leasehold interest in the Premises.

133.   MMP's remedy in the form of damages for this breach of duties under the Franchise Agreement will be inadequate to protect MMP's rights, including because MMP will lose possession of unique real property to which it has a contractual right.

## ELEVENTH CLAIM FOR RELIEF

### (Breach of Contract, Damages, Against SV Adventures)

134.   MMP re-avers all prior paragraphs as if fully set forth herein. This cause of action is pled in the alternative to the Tenth Cause of Action.

135.   The Franchise Agreement, together with all of its related and incorporated documents and amendments, constitute a valid and binding contract between SV Adventures and MMP.

136.   Section 14.C. of the Franchise Agreement provides that, upon expiration of the Franchise Agreement, MMP has the right to assume management of the Restaurant while it considers its purchase rights. Section 15.E. further provides that MMP has the right to purchase the Restaurant, including its Operating Assets. If MMP exercises its purchase option, MMP is entitled to receive from SV Adventures the rights to the Restaurant, including its Operating Assets, at fair market value as well as, at MMP's election, assignment or sublease of the leasehold interest in the Premises.

137.    SV Adventures has anticipatorily breached Section 14.C. and 15.E. of the Franchise Agreement. Specifically, SV Adventures has stated that it intends to refuse to sell its rights to the Restaurant to MMP or assign or otherwise transfer the Lease to MMP. It has also stated that it intends to operate a competing restaurant at the Premises—Viscuso's Pizza & Draft House— beginning January 2022. And it has informed MMP that it has negotiated an amendment to the lease for the Premises purporting to allow them to operate in the same location under a different name when the Franchise Agreement expires.

138.    MMP has fully and fairly performed all of the conditions precedent to SV Adventures' obligation to allow MMP to assume management and to sell its rights to the Restaurant and assign the leasehold interest in the Premises.

139.    As a result of SV Adventures' repudiation and anticipatory beach and refusal to allow MMP to assume management of the Restaurant, and its refusal to sell its rights to the Restaurant, including its Operating Assets, and, at MMP's election, assign or sublease the leasehold interest in the Premises as required by the parties' contract, MMP is at risk of losing the Restaurant, its trademark good will associated with the location, and the unique real property to operate it, and MMP is entitled to specific performance of SV Adventures' obligation to sell its rights to the Restaurant and, at MMP's election,  assign or sublease the leasehold interest in the Premises.

140.    As a result of SV Adventures' failure to sell its rights to the Restaurant and assign the leasehold interest in the Premises as required by the parties' contract, MMP has been damaged in an unknown amount.

## TWELFTH CLAIM FOR RELIEF

### (Breach of Warranty, Against Salvatore Viscuso and Sandra Viscuso)

141.    MMP re-avers all prior paragraphs as if fully set forth herein.

142.    When the Franchise Agreement was assigned to SV Adventures through the Assignment and Assumption Agreement, Salvatore and Sandra Viscusco entered into the Guaranty. The Guaranty is a valid and binding contract between Salvatore and Sandra Viscusos on the one hand and MMP on the other.

143.    Pursuant to the Guaranty, Salvatore and Sandra Viscuso "personally and unconditionally" guaranteed that SV Adventures "will punctually pay and perform- each and every undertaking , agreement, covenant set forth in the [Franchise] Agreement"  and agreed to be "personally bound by, and personally liable for the breach of, each and every provision in the [Franchise] Agreement . . . including (i) monetary obligations, (ii) obligations to take or refrain from taking specific actions and to engage or refrain from engaging in specific activities, including, but not limited to, the non-competition, confidentiality, and transfer requirements, and (iii) the enforcement and other provision in Section 17 and 18 of the [Franchise] Agreement."

144.    Section 14.C. of the Franchise Agreement provides that, upon expiration of the Franchise Agreement, MMP has the right to assume management of the Restaurant if it is deciding whether to exercise its post-expiration option to purchase the Restaurant under the Agreement. Section 15.E. further provides that MMP has the right to purchase the Restaurant. If MMP exercises its purchase option, MMP is entitled to receive from SV Adventures the rights to the Restaurant, including its Operating Assets, at fair market value as well as, upon election by MMP, the leasehold interest in the Premises.

145.    SV Adventures has anticipatorily breached Section 14.C. and 15.E. of the Franchise Agreement. Specifically, SV Adventures has stated that it intends to refuse to sell its rights to the Restaurant to MMP or assign or otherwise transfer the Lease to MMP. It has also stated that it intends to operate a competing restaurant at the Premises—Viscuso's Pizza & Draft House— beginning January 2022. And it has informed MMP that it has negotiated an amendment to the lease for the Premises purporting to allow them to operate in the same location under a different name when the Franchise Agreement expires.

146.    MMP has fully and fairly performed all of the conditions precedent to SV Adventures' obligation to allow MMP to assume management and to sell its rights to the Restaurant and assign the leasehold interest in the Premises.

147.    Although MMP performed all its obligations under the Franchise Agreement, Salvatore and Sandra Viscuso breached the Guaranty when SV Adventures breached the Franchise

Agreement by refusing to perform its obligations under the Franchise Agreement and sell the Restaurant as well as assign the leasehold interest in the Premises to MMP.

148.     Plaintiff has been damaged as a result of Salvatore and Sandra Viscuso's conduct. Salvatore and Sandra Viscuso should be ordered to require SV Adventures to comply with the terms of the Franchise Agreement and/or ordered to pay damages in an amount to be proven at trial.

## THIRTEENTH CLAIM FOR RELIEF

### (Tortious Interference with Contract, Against DC Management, LLC)

149.     MMP re-avers all prior paragraphs as if fully set forth herein.

150.     The Franchise Agreement, together with all of its related and incorporated documents and amendments, constitute a valid and binding contract between SV Adventures and MMP.

151.     The Guaranty is a valid and binding contract between Salvatore and Sandra Viscusos on the one hand and MMP on the other.

152.     MMP is informed and believes that DC Management, LLC knew of the Franchise Agreement and Guaranty.

153.     MMP is informed and believes that DC Management, LLC nevertheless entered into or attempted to enter into a new lease with SV Adventures despite MMP's express contract rights under the Franchise Agreement to purchase the restaurant and assume the Lease for the Premises, and Salvatore and Sandra Viscusos' duty to ensure that SV Adventures comply with those contract provisions.

154.     MMP is informed and believes that DC Management, LLC intends to cause SV Adventures to continue to breach its covenants to MMP by contractually requiring it to operate a restaurant under a different name at the Premises after the January 2, 2022 expiration of the Franchise Agreement.

155.     MMP is informed and believes that DC Management, LLC either intended to disrupt SV Adventures' performance under the Franchise Agreement and Salvatore and Sandra

1  Viscuso's performance under the Guaranty, or knew that disruption of performance was certain or

2  substantially certain to occur.

3     156.    MMP is informed and believes that DC Management, LLC through its intent to

4  require SV Adventures' compliance with the new lease to operate a restaurant under a different

5  name at the Premises, intends to and will disrupt SV Adventures' performance under the Franchise

6  Agreement and Salvatore and Sandra Viscuso's performance under the Guaranty, or it knows that

7  disruption of performance is certain or substantially certain to occur.

8     157.    MMP has been harmed and will continue to be harmed by DC Management, LLC's

9  conduct in the impairment of its rights to assume management of the Restaurant, and purchase the

10 Restaurant, including, at MMP's election, assignment or sublease of the Premises.

11    158.    DC Management, LLC's conduct has been, and will continue to be a substantial

12 factor in causing MMP's harm.

13                        **PRAYER FOR RELIEF**

14        WHEREFORE, Plaintiff MMP respectfully requests that the Court grant it the following

15 relief:

16    (a)    An order that the Defendants, their officers, directors, employees, attorneys, and all

17           persons and/or entities acting for, with, by, through, or in concert with it, be

18           enjoined preliminarily and permanently from:

19           (i)    using the Mountain Mike's® Marks, or any other logo, device, trade dress,

20                  domain name or word mark that is a colorable imitation of, or is

21                  confusingly similar to, the Marks or any of them, in connection with the

22                  advertising, distribution, marketing, offering for sale, or sale of any product

23                  neither originating from nor authorized by MMP;

24           (ii)   representing in any manner or by any method whatsoever, that goods,

25                  services or other products provided by the Viscuso Defendants are

26                  sponsored, approved, authorized by or originate from MMP or otherwise

27                  taking any action likely to cause confusion, mistake or deception as to the

28                  origin, approval, sponsorship or certification of such goods or services;

          (iii)     infringing, diluting, and/or tarnishing the distinctive quality of the Mountain Mike's® Marks, or any of them;

          (iv)     unfairly competing with MMP in any manner;

(b)    An order that the Viscuso Defendants comply with the Franchise Agreement, and that Defendant DC Management, LLC not interfere with the Franchise Agreement, including:

          (i)     That upon expiration of the Franchise Agreement on January 2, 2022, the Defendants shall permit Plaintiff to enter the Premises and assume the Restaurant's management on the Viscuso Defendants' behalf in accordance with Section 14.C. of the Franchise Agreement; and

          (ii)     That the Viscuso Defendants comply with their obligations under Section 15.E. of the agreement regarding the sale of the Restaurant, including its Operating Assets, and assignment or sublease of the Lease;

(c)    That the Defendants, within thirty days after service of judgement with notice of entry thereof upon it, be required to file with the Court and serve upon MMP's attorneys a written report under oath setting forth in detail the manner in which the Defendants has complied with the above-mentioned paragraphs; and

(d)    That the Defendants be required to account for and pay over to MMP the profits received and the cumulative damages sustained by MMP by reason of the Defendants' unlawful acts of trademark infringement, false designation of origin, dilution, and unfair competition herein alleged, that the amount of recovery be increased as provided by law, up to three times, and that interest and costs be awarded to MMP.

(e)    That the Court order restitution and/or disgorgement of Defendants' profits to MMP;

(f)    That MMP be awarded its reasonable costs and attorneys' fees;

(g)    That MMP be awarded punitive damages;

1       (h)      Entering judgment in its favor for the damages caused by Defendants' wrongful

2                 conduct with respect to the breaches of, and tortious interference with, the

3                 Franchise Agreement;

4       (i)       Granting specific performance of the Viscuso Defendants' obligations under

5                 Sections 14.C. and 15.E. of the Franchise Agreement;

6       (j)       Granting an award for interest, costs and attorney's fees pursuant to the Franchise

7                 Agreements, or statutory or common law; and

8       (k)      Granting such other and further relief as the Court deems equitable, just and proper.

9

10  Dated this 21st day of December, 2021

11                                     Respectfully submitted,

12

13                                    /s/ Ryan C. Bykerk
                                      Brent Sokol

14                                    Ryan C. Bykerk
                                    GREENBERG TRAURIG, LLP

15                                    *Attorneys for Plaintiff*
                                    *MOUNTAIN MIKE'S PIZZA, LLC*

16

17

18

19

20

21

22

23

24

25

26

27

28

ACTIVE 61905522v7